UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEMENT MASONS PENSION TRUST
FUND – DETROIT & VICINITY, et al.

    Plaintiffs,

v.                                    Case No. 05-74812

ALPINE CONTRACTORS, INC., a        Honorable Patrick J. Duggan
Michigan Corporation,

    Defendant.
_____/

## OPINION

    On December 20, 2005, Plaintiffs filed an action alleging Defendant failed to make fringe benefit contributions and pay wages as required by Collective Bargaining Agreements ("CBAs"). Plaintiffs' Second Amended Complaint contains two counts. Count I (Failure to Pay Fringe Benefit Contributions) is brought on behalf of various employee-benefit trust funds, collectively two groups of funds, known as the Laborers Funds and the Detroit Cement Masons Funds. Count II (Failure to Pay Wages) is brought on behalf of two cement masons unions. Presently before this Court is Plaintiffs' Motion for Summary Judgment filed on October 2, 2006. Defendant has not responded to Plaintiffs' motion, and the time for response has expired. *See* E.D. Mich. L.R. 7.1(d)(1)(B).[1]

---

[1] On October 3, 2006, the Court's Deputy Clerk sent to counsel for Plaintiffs and counsel for Defendant a notice "reminding" them that a response to a motion for summary judgment shall be filed within 21 days after service of the motion.

**I.      Standard of Review**

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

Where, as here, a party has failed to respond to a motion for summary judgment, the

Court must "carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party." *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The Court need not search the entire record on behalf of the non-moving party, but need only determine, without ignoring the possibility of evidentiary misstatements and the context in which statements are made, if the moving party has met its burden of showing the absence of a genuine issue of material fact. *See id.* at 406-07.

## II.  Analysis

### A. Count I (Failure to Pay Fringe Benefit Contributions)

Plaintiffs contend that there are no genuine issues of fact relating to Count I of their complaint seeking unpaid fringe benefits. With respect to each group of funds, the governing CBAs require Defendant to contribute to employee-benefit funds. (*See* Ex. B, Laborers Agreement, pp. 14-15; Ex. C., Cement Masons Agreement, pp. 14-15).

The dispute lies in the amounts owed by Defendant to each group of funds. The Employee Retirement Income Security Act of 1974 ("ERISA") requires employers to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a). For each group of funds, Plaintiffs conducted an audit on the records kept by Defendant pursuant to statute. The audit conducted by Plaintiff Laborers Funds revealed that Defendant owes $51,619.41 in unpaid fringe benefit contributions and liquidated damages for the period of June 2004 through June 2006. (Messing Aff. ¶3(b)). The audit conducted by Plaintiff Detroit Cement

Masons Funds revealed that Defendant owes $28,837.61 in unpaid fringe benefit contributions and liquidated damages for the period of November 2004 through June 2006.

The Court, therefore, grants the motion on behalf of Plaintiff Laborers Funds and will enter judgment in favor of the Laborers Funds in the amount of $51,619.41 in unpaid fringe benefit contributions and liquidated damages for the period of June 2004 through June 2006.

The Court will grant the motion on behalf of Detroit Cement Masons Funds and will enter judgment on behalf of that Plaintiff in the amount of $28,837.61 in unpaid fringe benefit contributions and liquidated damages for the period of November 2004 through June 2006.[2]

### B. Count II (Failure to Pay Wages)

Plaintiff Cement Masons Local 514 ("Union Plaintiff") contends that Defendant failed to pay wages for work performed by three of its members on July 11-13, 2005, within the time period provided in the CBA after the employees were laid off. The CBA provides in relevant part:

> When employees are laid off or discharged, they shall be paid by the Employer in full in cash or other legal tender on the job immediately, or the wages shall be mailed and post marked within twenty-four (24) hours of lay off or discharge. Any cement mason laid off or discharged who is not paid in full within 24 hours, as determined by the official U.S. Postal Service post mark, will receive twenty-five dollars ($25.00) pay plus and additional $25 pay for each day his check is not received or post marked up to a maximum of $100.

---

[2]Plaintiffs also contend they are entitled to other damages including interest and attorney fees. However, Plaintiffs have not provided the Court with any information from which the Court can determine an amount to be awarded.

4

(Ex. C, Cement Masons CBA at 19). Union Plaintiff further argues that Defendant was given notice of unpaid wages on two separate occasions: (1) on October 26, 2005 through a grievance filed with the Director of Labor Relations; and (2) on November 11, 2005 through regular mail and fax sent directly to Defendant's place of business. (*See* Ex. D). Union Plaintiff contends that Defendant owes $1,731.36 in unpaid wages for the work three of its members performed.[3]

Again, the Court is satisfied that Union Plaintiff has met its burden of showing an absence of a genuine issue of fact as to Defendant's breach of its obligation to pay wages within the time period specified in the CBA and that these unpaid wages, along with the penalty amounts specified in the CBA, are due.

Therefore, the Court shall grant Union Plaintiff's motion for unpaid wages in the amount of $1,731.36.

A Judgment consistent with this Opinion shall issue forthwith.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

---

[3]This is the total calculated from the following amounts:
- bargaining unit member Mario Santos is owed $713.44 for 24 hours total (eight hours per day) of work performed on July 11-13, 2005 at a rate of $25.56 per hour plus the maximum penalty amount;
- bargaining unit member Mario A. Santos is owed $508.96 for 16 hours total (eight hours per day) of work performed on July 12-13, 2005 at a rate of $25.56 per hour plus the maximum penalty amount; and
- bargaining unit member Adolfo Santos is owed $508.96 for 16 hours total (eight hours per day) of work performed on July 11 and 13, 2005 at a rate of $25.56 per hour plus the maximum penalty amount. (*See* Oakley Aff. ¶¶2-4; Second Amended Compl. ¶19).

5

Copies to:
Robert Farr, Jr., Esq.
George H. Kruszewski, Esq.
Charles T. Berschback, Esq.